UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID BELLE,

    Applicant,

v.                                    Case No. 8:18-cv-629-KKM-SPF

SECRETARY, Department of Corrections,

    Respondent.
_____/

## ORDER

David Belle, through counsel, applies for habeas relief under 28 U.S.C. § 2254, challenging his conviction for attempted lewd or lascivious molestation of a child under the age of twelve and his sentence of imprisonment for eleven years. (Doc. 1). Respondent concedes that the petition is timely and that the ground for relief is exhausted (Doc. 13 at 4, 7), but correctly contends that Belle fails to meet his burden of showing entitlement to relief under § 2254.[1] Similarly, Belle fails to establish entitlement to a certificate of appealability. The petition is therefore denied.

---

[1] Because the Court can resolve the petition on the record alone, an evidentiary hearing is unwarranted. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

## I. BACKGROUND

### A. Pre-Plea and Plea Proceedings

The State of Florida charged Belle with lewd or lascivious molestation of his girlfriend's seven-year-old daughter. (Doc. 14-2, Ex. 1). The State's case included an audio recording captured by his girlfriend's cellular telephone that contained inculpatory statements by both Belle and the victim. (Doc. 14-2, Ex. 2). Belle moved to suppress the recording on the basis that it violated section 934.06, Florida Statutes, which prohibits introduction into evidence in any trial a recording made in violation of § 934.03 that bans "[i]ntentionally intercept[ing]" oral communications. (Doc. 14-2, Ex. 2, at 1–5). The trial court denied the motion. (Doc. 14-2, Ex. 3).

Two weeks later—and because the admissibility of the recording was dispositive—Belle pleaded nolo contendere reserving the right to appeal the denial of the motion to exclude. (Doc. 14-2, Ex. 4, at 9, 13).[2] Before he entered his plea, the trial judge cautioned Belle that "[i]f I have the impression that you're being pressured into this and it's not voluntary, I won't accept it," and Belle represented that "[i]t's in my best interest to sign the plea." (*Id.* at 6, 8). The trial court accepted Belle's plea of

---

[2] In the absence of a plea agreement, his counsel characterized the "negotiated plea" as follows:

> [W]e do have a – a kind of an odd arrangement with the State, it's an adjudication of guilt, 11 years Florida State Prison with all credit for time served including today's date with leave to appeal the stipulated – dispositive motion to exclude the iPhone recording, designation as a sexual predator and all financial obligations to a civil judgment.

(Doc. 14-2, Ex. 4, at 7).

no contest to the lesser-included attempted lewd and lascivious molestation, sentenced Belle to eleven years of imprisonment, and noted that Belle reserved the right to appeal the admissibility of the audio recording of the incident. (*Id.* at 13).

## B.  Appellate Proceeding

The only issue raised on direct appeal was the admissibility of the audio recording on the girlfriend's cellphone. In affirming the trial court, *Belle v. State*, 177 So. 3d 285 (Fla. 2d DCA 2015), the appellate court noted that Belle's "attorney did not present evidence" at the hearing. *Id.* at 286. Instead, "[t]he parties essentially stipulated to a bare minimum of facts, engaging in open court negotiations as to what facts would be part of the stipulation." *Id.* The trial court thus never made factual findings, thereby complicating the presentation of facts on appeal. *Id.* But the appellate court stated certain facts were "undisputed"—namely, that Belle's girlfriend turned on an application on her iPhone and a recording was made documenting Belle's sexual abuse of the minor victim. *Id.*

Belle argued on direct appeal that the trial court violated his rights under state law by not suppressing the recording. *Id.* at 285. "Although a motion to suppress or exclude evidence under section 934.06 has similarities to a motion to suppress under the Fourth Amendment, it is a statutory right, and it was Mr. Belle's burden to establish that the facts in this case fell within the provisions of this statutory exclusionary rule." *Belle*, 177 So. 3d at 287. The appellate court (1) agreed with the "trial court . . . that Mr.

Belle failed to prove that his girlfriend intentionally intercepted the portion of the recording that took place when she was gone" and (2) held that "Mr. Belle did not establish that the communications were intercepted 'under circumstances justifying' an expectation of privacy." *Id.* at 288 (quoting § 934.02(2), Fla. Stat.). It noted that, had the "facts been determined by the judge in this case after a full evidentiary hearing, the factual basis for Mr. Belle's motion might have been stronger." *Id.* But it rightly noted it could not resolve that issue on direct appeal and therefore affirmed. *Id.*

## C.  Postconviction Proceedings

Belle timely filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, alleging that trial counsel rendered ineffective assistance by failing to sufficiently introduce evidence to support the motion to suppress the audio recording. (Doc. 14-2, Ex. 12). The postconviction court struck the initial Rule 3.850 motion as facially insufficient because it lacked a request to withdraw the plea. (*Id.* at 2). The postconviction court likewise struck the first amended Rule 3.850 motion as facially insufficient for failing to request to withdraw the plea. (Doc. 14-2, Ex. 16).

The postconviction court denied Belle's second amended (and final) Rule 3.850 motion stating that, "[i]n the present motion, and those that preceded it, Defendant acknowledges that *Hill* and its progeny require defendants to allege and demonstrate that, but for counsel's errors, they would not have entered a plea, but instead insisted on going to trial. Nevertheless, Defendant stops short of alleging as much." (Doc. 14-

2, Ex. 18, at 5). The court rejected Belle's proposed standard for proving ineffective assistance of counsel, stating, "Defendant asserts that if counsel argued the motion to suppress more effectively, the outcome of the suppression hearing and/or the appeal that followed would have been different." (*Id.*). But "[r]ather than seek a withdrawal of the plea and request that the Court allow the case to return to a pretrial posture, [Belle] suggests that the Court should essentially reconsider the merits of the motion to suppress and, if persuaded that counsel's ineffective pursuit of the motion at the prior hearing lead to an incorrect ruling on the admissibility of the State's evidence, immediately vacate his conviction." (*Id.*). In other words, "Defendant seeks a second suppression hearing." (*Id.*). But Belle never identified "any authority suggesting that the remedy for ineffective assistance related to a dispositive issue is a second hearing on the dispositive issue rather than a chance to withdraw the plea and proceed to trial." (*Id.*). Because Belle never requested to do so and never alleged "that he would have gone to trial if not for counsel's ineffectiveness," the postconviction court once again concluded the motion was facially insufficient and denied relief. (*Id.* at 6).

The state appellate court affirmed in a per curiam decision without a written opinion. (Doc. 14-2, Ex. 21). Belle now seeks relief under § 2254 by raising the same ineffective assistance of counsel claim that he exhausted in state court.

## II. STANDARDS OF REVIEW OF AN APPLICATION UNDER SECTION 2254

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs

this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief under the AEDPA can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of § 2254(d)(1), a decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). The phrase "clearly established Federal law" encompasses the holdings only of the United States Supreme Court "as of the time of the relevant state-court decision." *Id.* at 412. A decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle

to the facts of the prisoner's case." *Id.*[3]

The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable," as "an unreasonable application is different from an incorrect one." *Id.* at 694. Consequently, to obtain relief under the AEDPA, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (stating that "[t]he state court's application of clearly established federal law must be objectively unreasonable" for a federal habeas petitioner to prevail and that the state court's "clear error" is insufficient).

When the last state court to decide a federal claim explains its decision in a reasoned opinion, a federal habeas court reviews the specific reasons as stated in the opinion and defers to those reasons if they are reasonable. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) ("[A] federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable."). When the

---

[3] Belle does not challenge the state postconviction court's ruling as based on an unreasonable determination of facts under § 2254(d)(2). If he had, the AEDPA would require him to rebut the presumption of correctness afforded to a state court's factual findings by clear and convincing evidence. § 2254(e)(1).

relevant state-court decision is not accompanied with reasons for the decision—such as a summary affirmance without discussion—the federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume that the unexplained decision adopted the same reasoning." *Id.* Here, the postconviction court is the last reasoned decision and this Court presumes that its decision provides the relevant basis for denial of relief.

### III.  ANALYSIS

Belle seeks habeas relief on a single ground of ineffective assistance of counsel. He argues that the state postconviction court "applied the wrong law" in denying his motion for postconviction relief, and he seeks a remand to state court for "further proceedings consistent with *Strickland*." (Doc. 1 at 17, 24). The problem for Belle is that the state court applied the correct federal law—*Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny, *Hill v. Lockhart*, 474 U.S. 52 (1985). Because the state court's determination was neither "contrary to, [n]or involved an unreasonable application of" those precedents, Belle fails to establish entitlement to relief. § 2254(d)(1).

The two-part standard articulated in *Strickland* is well-known: a petitioner must show both deficient performance by his counsel and prejudice resulting from those errors. 466 U.S. at 687. The first part "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The lynchpin of this analysis is whether counsel's conduct

"was reasonable considering all the circumstances." *Id.* at 688. A petitioner establishes deficient performance if "the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690. A court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

The second part requires showing that the deficient performance prejudiced the defense. *Id.* at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. To demonstrate prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In the context of guilty pleas—where there is no proceeding to evaluate because the defendant has forfeited the proceeding entirely—prejudice must be demonstrated by showing a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Stated otherwise, the prejudice in the guilty plea context "focuses on whether counsel's constitutionally ineffective performance affected the *outcome* of the plea process." *Id.* (emphasis added).

A federal district court's review of an ineffective assistance of counsel claim " 'is

not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.' " *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro*, 550 U.S. at 473). Consequently, federal petitioners rarely prevail on claims of ineffective assistance of counsel because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (quotation and citations omitted).

In Belle's case, the state postconviction court recognized that *Strickland* governs ineffective assistance of counsel claims generally. (Doc. 14-2, Ex. 18, at 3). It further acknowledged that, when adjudicating these claims in the context of guilty pleas, a petitioner must show "that there is a reasonable probability that, but for counsel's errors, the movant would not have entered a plea but would have insisted on going to trial." (*Id.* at 4 (quoting *Campbell v.* State, 139 So. 3d 490, 497 (Fla. 2d DCA 2014) (citing *Hill*))). The state court then explained that "a defendant must allege and demonstrate that he would not have accepted the plea and instead gone to trial" and that failure to move to withdraw a plea results in denial of relief. (*Id.*)

Belle expressly argued before that court that he did *not* seek withdrawal of his plea and that the voluntariness of his plea was not at issue.(Doc. 14-2, Ex. 20, at 7 ("Appellant was not challenging the voluntary nature of his plea.")); *see* (Doc. 1 at 14 ("[P]etitioner was not, in any way, challenging the voluntary nature of his plea.") & 21

("Because petitioner was happy with his dispositive plea agreement, he did not challenge the voluntary nature of his plea.")). He instead sought reconsideration of the motion to suppress on the basis that, had his counsel adequately performed at the original suppression hearing, the appellate court "would have had a complete record upon which to decide the petitioner's direct appeal" and he would presumably have secured a reversal. (Doc. 1 at 21). The postconviction court ruled that such relief was not an appropriate remedy and, because Belle never filed a motion to withdraw his plea nor alleged that he would have gone to trial if not for counsel's ineffectiveness, he was not entitled to relief. (Doc. 14-2, Ex. 18, at 5–6).

Belle asserts the same position in his federal petition: "The instant case is not one where petitioner challenged the voluntary nature of his plea. To the contrary, the petitioner was happy with the terms of his dispositive plea, but unhappy with counsel's performance in preparing for, and arguing, his motion to suppress the i[P]hone recording." (Doc. 1 at 22). He argues that *Hill* is inapplicable and that the state postconviction court erroneously applied it. In Belle's view, *Strickland* is the "proper standard governing his ineffective assistance of counsel claims." (*Id.* at 21). Per Belle, applying *Strickland* correctly would "go[] directly to the outcome of the appellate proceedings." *(Id.* at 7).

Belle raises odd and confusing arguments, both here and in the state postconviction court. Belle argues that, because he does not challenge the plea, the

- 11 -

postconviction court erroneously applied *Hill* in conjunction with *Strickland*, rather than applying only *Strickland* without *Hill*. The Court fails to see how applying *Hill* (or *Hill* with *Strickland*) was contrary to clearly established federal law under § 2254(d)(1). *Strickland* applies to a general claim of ineffective assistance of counsel. And *Hill* extends *Strickland* to a claim of ineffective assistance of counsel involving a guilty plea instead of a guilty verdict at the end of a trial.

Not only did the state postconviction court identify the correct federal standard, that court's determination was not an unreasonable application of *Hill*/*Strickland*. The Supreme Court requires petitioners to demonstrate prejudice by showing a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. But Belle resists that showing by his own framing of his intended desire not to challenge his plea. He certainly never attested before the state court to a desire to unwind his plea—repeatedly asserting that he is "happy with his dispositive plea agreement." And Belle does not cite any authority for support that the state court unreasonably applied *Strickland* by applying *Hill* to his circumstance. Whether this Court might have interpreted Belle's unusual postconviction motion as one actually attacking the plea itself (despite his contrary assertions), it was not an unreasonable application of federal law to deny relief.[4] This

---

[4] Respondent argues that Belle's claim is procedurally barred because the postconviction court premised its denial of facial insufficiency on a state law requirement that a petitioner must request to
(continued…)

conclusion is particularly warranted where Bell has been represented by counsel at every stage of the state-court and federal-court proceedings.

## IV.    CONCLUSION

Belle fails to meet his burden to show that the state postconviction court's decision was contrary to, or an unreasonable application of, controlling Supreme Court precedent. The state court reasonably applied *Strickland*—whether alone or in tandem with *Hill*—in determining that Belle was entitled to no relief. *See White v. Woodall*, 572 U.S. 415, 427 (2014) ("The critical point is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question . . . ." (quoting *Richter*, 562 U.S. at 103)); *Woods v. Donald*, 575 U.S. 312, 316 (2015) ("And an 'unreasonable application of ' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." (quoting *Woodall*, 572 U.S. at 419)).

Accordingly, Belle's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk must enter a judgment against Belle and **CLOSE** this case.

---

withdraw his plea. (Doc. 13 at 9–11). The Court is not convinced that the postconviction court's reasoning relied necessarily on a state law requirement instead of application of *Hill* and similar caselaw to establish prejudice, especially because the cases cited by the postconviction court relied on *Hill*. (Doc. 14-2, Ex. 18, at 4 (quoting *Campbell v.* State, 139 So. 3d 490, 497 (Fla. 2d DCA 2014) (citing *Hill*))). But if it did, that would be another basis for denying federal habeas relief.

## NO CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Instead, a district court or court of appeals must first issue a certificate of appealability (COA). *Id.* To obtain a COA, a petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003); 28 U.S.C. § 2253(c)(2). Belle fails to show that reasonable jurists would debate either the merits of the grounds or the procedural issues and is therefore not entitled to a COA or to appeal in forma pauperis.

A certificate of appealability is **DENIED**. Leave to appeal in forma pauperis is **DENIED**.

**ORDERED** in Tampa, Florida, on March 31, 2021.

_____
Kathryn Kimball Mizelle
United States District Judge